IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Number: |
| | ) | |
| v. | ) | 18 U.S.C. § 208 |
| | ) | |
| JIMMY W. MAYBERRY, | ) | 08CR180 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**

JUL 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### FACTUAL BASIS FOR PLEA

The United States of America, by and through its undersigned attorneys within the United States Department of Justice, Criminal Division, Public Integrity Section, and the Defendant, JIMMY W. MAYBERRY, personally and through his undersigned counsel, hereby stipulate to the following facts pursuant to United States Sentencing Guidelines §6A1.1 and Rule 32(c)(1) of the Federal Rules of Criminal Procedure, that beginning in or about November, 2002 and continuing until in or about January, 2003, in the District of the District of Columbia, and elsewhere:

1. At times relevant to this matter, Defendant JIMMY W. MAYBERRY, (hereinafter "MAYBERRY") was the Special Assistant to the Associate Director of Minerals Revenue Management, Minerals Management Service (hereinafter "MMS"), U.S. Department of the Interior (hereinafter "DOI"), until he retired in or about January of 2003.

2. In or about July of 2002, MAYBERRY and his supervisor began discussing ways that MAYBERRY could be brought back to work for his supervisor after he retired. At some

time between or including July of 2002 and January of 2003, after exploring and rejecting other avenues, MAYBERRY participated in the creation of a new outside independent contractor position to provide consultation and assistance to his supervisor which would be subject to competitive bidding. In his official capacity and before his retirement, MAYBERRY drafted a "Statement of Work" for use in the request for proposal and bid evaluation for this new independent contractor position.

3. At the same time, MAYBERRY planned to create a company upon his retirement and contemplated bidding, under the name of this new company, for the independent contractor position for which he was drafting the Statement of Work. Upon his retirement in January of 2003, MAYBERRY did create Federal Business Solutions ("FBS") a sole proprietorship of which he was the only employee and whose sole business venture was the bidding and carrying out of the independent contractor position he helped to create. The statement of work which he drafted in his official capacity was indeed used for the request for proposal and evaluation in Solicitation No. 01-03-RP-71875, which opened for bids on or about February 21, 2003. Out of numerous first round bids and among four final round bids, FBS or MAYBERRY was the only bidder to receive a grade of "excellent" on all the requirements for the position and was awarded the contract in June of 2003.

4. MAYBERRY attended annual ethics training from MMS' Ethics Office in November of 2002 and earlier. This training covered conflict of interest laws and post-

employment laws, including 18 U.S.C. § 208. MAYBERRY never consulted the MMS Ethics Office or the DOI Ethics Office about conflict of interest or post-employment issues.

FOR THE UNITED STATES

WILLIAM M. WELCH II
Chief
Public Integrity Section

By: *(signature)*
DANIEL A. SCHWAGER
PETER M. KOSKI
Trial Attorneys
U.S. Department of Justice
Criminal Division
Public Integrity Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 514-1412
Daniel.Schwager@usdoj.gov
Peter.Koski@usdoj.gov

FOR THE DEFENDANT

*(signature)*
JIMMY W. MAYBERRY
Defendant

*(signature)*
DANNY C. ONORATO
Schertler & Onorato, L.L.P.
Attorney for Jimmy W. Mayberry
(202) 628-4199
Donorato@schertlerlaw.com

3