IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | Criminal Number: |
| ) | |
| v.   ) | 18 U.S.C. § 208 |
| ) | |
| JIMMY W. MAYBERRY,   ) | 08 CR 180 |
| ) | |
| Defendant.   ) | |
| _____) | |

FILED
JUL 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLEA AGREEMENT

The United States of America and JIMMY W. MAYBERRY (hereinafter "defendant") enter into the following plea agreement (hereinafter "Agreement"):

**Charges and Statutory Penalties**

1.  The defendant agrees to plead guilty to Count 1 of the Information, charging a violation of Title 18, United States Code, Section 208.

2.  The defendant understands that Count 1 has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    a.  The defendant was an officer or employee of the executive branch of the United States.

    b.  The defendant participated personally and substantially in a judicial or other proceeding, application, contract, claim, controversy, charge, accusation, arrest, or other particular matter.

1

    c.    The defendant's participation was through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise.

    d.    One of the following had a financial interest in the particular matter:

        (1)    the defendant;

        (2)    the defendant's spouse;

        (3)    the defendant's minor child;

        (4)    the defendant's general partner;

        (5)    an organization in which Defendant is serving as an officer, director, trustee, general partner or employee;

        (6)    a person or organization with whom defendant is negotiating or has an arrangement for prospective employment.

    e.    The defendant acted knowingly and willfully.

3.    The defendant understands that pursuant to Title 18, United States Code, Section 216(a)(2), Count 1 carries a maximum sentence of 5 years of imprisonment, a fine of $250,000, a $100 special assessment, and a three year term of supervised release, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

4.    If the court accepts the defendant's plea of guilty and the defendant fulfills each of

2

the terms and conditions of this Agreement, the United States agrees that it will not further prosecute the defendant for crimes described in the attached "Factual Basis for Plea" or disclosed by the defendant in debriefing sessions with the United States.

5. Defendant agrees, for purposes of entering his initial appearance, arraignment, guilty plea, sentencing, and all other appropriate proceedings relevant to the filing of this Agreement, to consent to the jurisdiction of the United States District Court for the District of the District of Columbia. Defendant expressly waives his right to object to venue in the District of the District of Columbia.

**Factual Stipulations**

6. The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily, and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

7. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory

3

sentence up to and including the statutory maximum sentence, or lower that advisory sentence. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

8.   The Public Integrity Section, Criminal Division, United States Department of Justice (hereinafter "Public Integrity") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, Public Integrity further reserves the right to make any recommendation as to the quality and quantity of punishment.

9.   The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the court, except as expressly provided in this Agreement.

**Sentencing Guidelines Stipulations**

4

10. The defendant understands that the sentence in this case will be determined by the court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission. <u>Guidelines Manual</u> 2005 (hereinafter "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the court in determining the appropriate sentence, the parties stipulate to the following:

    a.    <u>Offense Level under the Guidelines</u>

The parties agree to jointly recommend that the total offense level applicable to the defendant's offense conduct is level 6 based on §2C1.3 of the Sentencing Guidelines (2002), before taking into consideration a reduction for acceptance of responsibility, as set forth in paragraph (b) below.

    b.    <u>Acceptance of Responsibility</u>

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of Public Integrity, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, Public Integrity agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G §3E1.1(a).

Public Integrity, however, may oppose any adjustment for acceptance of responsibility if the defendant:

    i.    fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

    ii.    challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

iii. denies involvement in the offense;

iv. gives conflicting statements about that involvement or is untruthful with the court, the United States, or the Probation Office;

v. fails to give complete and accurate information about the defendant's financial status to the Probation Office;

vi. obstructs or attempts to obstruct justice, prior to sentencing;

vii. has engaged in conduct prior to signing this Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Agreement;

viii. fails to appear in court as required;

ix. after signing this Agreement, engages in additional criminal conduct; or

x. attempts to withdraw the plea of guilty.

In accordance with the above, the applicable Sentencing Guidelines offense level is 4.

c. <u>Criminal History Category</u>

The defendant understands that his Criminal History Category will be determined by the court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office. The defendant acknowledges that the United States has not promised or agreed that he will or will not fall within any particular Criminal History Category and that such determinations could affect his guideline range and/or offense level as well as his final sentence.

d. <u>Applicable Guideline Range</u>

Based upon the calculations set forth above, and presuming that the defendant is in Criminal History Category I, the defendant's stipulated Sentencing Guidelines range is 0 to 6 months of imprisonment (the "Stipulated Guidelines Range"). In addition, the parties agree that should the court impose a fine, at Sentencing Guidelines level 4 the applicable fine range is $250 to $5,000.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the court consider such a departure or adjustment.

### Agreement as to Sentencing Allocution

11.   The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, although not binding on the Probation Office or the court, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the court consider a sentence outside of the Stipulated Guidelines Range unless otherwise provided in this Agreement. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the court may determine) the defendant should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that the defendant's Criminal History Category is something other than I. Assuming that the defendant is in Criminal History Category I, the government agrees that it will not oppose probation

### Court Not Bound by the Plea Agreement

7

12. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Sentencing Guidelines range, or other sentencing issues. In the event that the court considers any guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Stipulated Guidelines Range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the court.

**Appeal Waiver**

13. The defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. The defendant is also aware that he may, in some circumstances, be able to argue that his guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by Public Integrity in this Agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction; and (b) the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. § 3742, except to the extent that the court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

14. The defendant further understands that nothing in this Agreement shall affect

8

Public Integrity's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if Public Integrity appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this, the defendant acknowledges that he has discussed the appeal waiver set forth in this with his attorney. The defendant further agrees, together with Public Integrity, to request that the district court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

15. The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the Fifth Circuit or Supreme Court cases decided after the date of this Agreement that are held by the Fifth Circuit or Supreme Court to have retroactive effect.

### Release/Detention

16. The defendant acknowledges that while Public Integrity will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, Public Integrity may move to change the defendant's conditions of release or move to revoke the defendant's release.

### Breach of Agreement

17. The defendant understands and agrees that if, after entering this Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Agreement, or engages in any criminal activity prior to

sentencing, the defendant will have breached this Agreement. In the event of such a breach: (a) Public Integrity will be free from its obligations under the Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) Public Integrity will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including the defendant's statements made during proceedings before the court pursuant to Fed. R. Crim. P. 11.

18.  The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

19.  The defendant understands and agrees that Public Integrity shall only be required to prove a breach of this Agreement by a preponderance of the evidence. The defendant further understands and agrees that Public Integrity need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

20.  Nothing in this Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the

defendant after the execution of this Agreement. The defendant understands and agrees that Public Integrity reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

21. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that Public Integrity has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

22. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for Public Integrity.

23. The defendant further understands that this Agreement is binding only upon the

Public Integrity Section, Criminal Division, United States Department of Justice. This Agreement does not bind the Civil Division or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

24. If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by the defendant and defense counsel.

**Substantial Assistance**

25. The defendant agrees to cooperate fully with Public Integrity by:

    a. providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by Public Integrity, whether in interviews, before a grand jury, or at any trial or other court proceeding;

    b. waiving the defendant's right to have counsel present at all debriefings by law enforcement agents and government attorneys in order to facilitate the defendant's cooperation. The defendant may revoke this waiver at any time by a specific request or through the defendant's counsel without affecting the terms and enforceability of this Agreement;

    c. appearing at such grand jury proceedings, hearings, trials, depositions, and other judicial proceedings, and at meetings, as may be required by Public Integrity;

  d. if requested by Public Integrity, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents; and

  e. waiving any right to a prompt sentencing and joining in any requests by Public Integrity to postpone the defendant's sentencing until the defendant's cooperation is complete. The defendant understands that the date of sentencing is within the sole discretion of the court, and that this Agreement may require the defendant to cooperate even after the defendant has been sentenced. The defendant's failure to cooperate pursuant to the terms of this Agreement after sentence has been imposed shall constitute a breach of this Agreement.

 26. Public Integrity reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of Public Integrity the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, Public Integrity may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing

Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require Public Integrity to file any such motion(s) and that Public Integrity's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of Public Integrity's filing of any such motion is concerned.

27.   The defendant understands and acknowledges that the court is under no obligation to grant the Section 5K1.1 or Rule 35 motions referenced above should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

Sincerely yours,

WILLIAM M. WELCH II
Chief
Public Integrity Section

By: *(signature)*
DANIEL A. SCHWAGER
PETER M. KOSKI
Trial Attorneys
U.S. Department of Justice
Criminal Division
Public Integrity Section
1400 New York Ave. NW
Washington, DC  20005
(202) 514-1412
Daniel.Schwager@usdoj.gov
Peter.Koski@usdoj.gov

### DEFENDANT'S ACCEPTANCE

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with Public Integrity. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Agreement is in my best interest.

Date: 6-20-08

JIMMY W. MAYBERRY
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 7/30/08

DANNY ONORATO
Schertler and Onorato, LLP.
Attorney for the Jimmy W. Mayberry

15